UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROGER D. GOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:09CV964 TIA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Reverse and Remand and for Entry of Final Judgment [Doc. #15]. The suit involves applications for Disability Insurance Benefits under Title II of the Social Security Act. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

## Procedural History

On February 14, 2006 Plaintiff filed an Application for Disability Insurance Benefits. (Tr. 86-90) The application was denied, and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 65-79) After an October 23, 2007 hearing, the ALJ issued a Decision on November 27, 2007, finding that Plaintiff was not disabled. (Tr. 14-24) On April 24, 2009, the Appeals Council denied Plaintiff's Request for Review. (Tr. 3-7) Thus, the ALJ's decision is the final decision of the Commissioner.

## Discussion

On June 22, 2009, Plaintiff filed this civil action for judicial review of the Commissioner's final decision, and the Commissioner filed his Answer on February 5, 2010. On February 10, 2010,

Defendant filed a Motion to Reverse and Remand and for Entry of Final Judgment pursuant to sentence four of 42 U.S.C. § 405(g).

In the Motion, Defendant asserts that, after careful review of the case, agency counsel requested that the Social Security Administration Appeals Council reconsider the Commissioner's decision. Upon reconsideration, the Appeals Council determined that remand was appropriate. In addition, Defendant avers that upon receipt of the Court's remand order, the Appeals Council will remand the case to the ALJ with directions to obtain any existing evidence of any treatment since September 13, 2007. The ALJ will also be directed to further consider the severity of Plaintiff's mental impairment pursuant to 20 C.F.R. § 404.1520a and provide a rationale for the ratings. Finally, if the ALJ determines that Plaintiff's mental impairment is severe, the ALJ will obtain evidence from a vocational expert and explain how Plaintiff's impairment affects his ability to perform the mental demands of work. (Doc. #15, p. 1)

Two sentences in 42 U.S.C. § 405(g) govern remands. Shalala v. Schaefer, 509 U.S. 292, 296 (1993); Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). Defendant requests a remand under sentence four, which states that upon review of Social Security determinations, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with our without remanding the cause for a rehearing." Sentence four requires substantive ruling on the correctness of the administrative decision. Melkonyan, 501 U.S. at 98; Buckner v. Apfel, 213 F.3d 1006, 1010 (8th Cir. 2000). Further, case law suggests that a district court should conduct a plenary review of the entire record before entering a judgment affirming, modifying, or reversing the Commissioner's decision with or

without a remand order. See Schaefer, 509 U.S. at 297; Buckner, 213 F.3d at 1010.[1]

The undersigned has reviewed the record in light of Defendant's assertions in his motion to remand. Because the Appeals Council has agreed that remand is warranted, little discussion is necessary. However, it is worth noting that the ALJ relied on the Medical-Vocational Guidelines ("Grids") to find that Plaintiff could perform the full range of light work. (Tr. 23) The ALJ rejected Plaintiff's contention that he had a severe mental impairment which limited his ability to perform the full range of light work and required the ALJ to consult a vocational expert. (Tr. 16-17, 23) However, the record contains medical evidence regarding a diagnosis of mental limitations which the ALJ should have developed. (Tr. 300)

In light of the errors committed by the ALJ, the case should be reversed and remanded for further proceedings. On remand, ALJ will obtain any existing evidence of any treatment since September 13, 2007. The ALJ will also further consider the severity of Plaintiff's mental impairment pursuant to 20 C.F.R. § 404.1520a and provide a rationale for the ratings. Finally, if the ALJ determines that Plaintiff's mental impairment is severe or is a nonexertional limitation,[2] the ALJ will obtain evidence from a vocational expert and explain how Plaintiff's impairment affects his ability to

---

[1] The undersigned agrees that sentence four's phrase "upon the pleadings and transcript of the record" supports the interpretation that plenary review is necessary before remand. However, the statute does not explicitly mandate such in depth evaluation. In the instant case, such review would serve no useful purpose, as the Commissioner has moved for a sentence four remand based upon infirmities in the ALJ's decision, and the Plaintiff has voiced no objection to such motion.

[2] "Nonexertional limitations 'affect an individual's ability to meet the nonstrength demands of jobs,' Social Security Ruling 96-4p, 1996 WL 37418, *1 (1996), 'that is, demands other than sitting, standing, walking lifting, carrying, pushing or pulling[.]'" Sykes v. Astrue, No. 4:06cv1732 TCM, 2008 WL 619216, at *19 (E.D. Mo. March 3, 2008) (quoting 20 C.F.R. § 404.1569a(a)). Nonexertional limitations include difficulty functioning due to pain, nervousness, anxiety, or depression. See 20 C.F.R. § 404.1569a(c).

perform the mental demands of work. Because Defendant agrees that the case should be remanded, and Plaintiff has raised no objection, Defendant's motion for reversal and remand under sentence four should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Remand Reverse and Remand and for Entry of Final Judgment [Doc. #15] be **GRANTED** and this cause be reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). A separate Judgment in accordance with this Memorandum and Order is entered this same date.

                                                    /s/ Terry I. Adelman
                                      UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of March, 2010.